UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

NIDIA NUNEZ on behalf of her minor child J.N.,

                          PLAINTIFF,

                -AGAINST-

NEW YORK CITY, POLICE OFFICER JOHN DOE 1 and
POLICE OFFICER JOHN DOE 2, individually, and in
their capacity as members of the New York City Police
Department,

                          DEFENDANTS.

**COMPLAINT**

**ECF CASE**

-------------------------------------------------------------------- X

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiff, Ms. Nidia Nunez ("Ms. Nunez"), on behalf of her minor child J.N. ("J.N."), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident on or about August 7, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected J.N. to false arrest.

3. Plaintiff seeks monetary damages (special and compensatory) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Ms. Nunez is a 35-year-old United States citizen and at all times here relevant resided at 41 Thrush Wood Place, Waterbury, Connecticut.

7. J.N. is a 17-year-old United States citizen and at all times here relevant resided with his grandparents in Brooklyn, New York.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer John Doe 1 ("PO John Doe 1"), and Police Officer John Doe 2, ("PO John Doe 2"), at all times here relevant were members of the NYPD, and are sued in their personal and professional capacities.

## FACTUAL ALLEGATIONS

10. In or around June 2012, J.N. moved to Brooklyn, New York, to stay with his maternal grandparents.

11. J.N.'s father ("Mr. Martinez") also resides in Brooklyn.

12. On or about August 7, 2012, at approximately 8:00 p.m., J.N. was with his 17 year-old cousin ("J.M.") outside of Mr. Martinez's home at the intersection of Sutter Avenue and Mildred Avenue.

13. J.N. was playing with J.M.'s lighter.

14. J.N. and J.M. were approached by PO John Doe 1 and PO John Doe 2

15. PO John Doe 1 and PO John Doe 2 were in plain clothes.

16. PO John Doe 1 shined a flashlight in J.N.'s face and stated in sum and substance, "I smell marijuana."

17. J.N. told PO John Doe 1 that he did not have any marijuana and that PO John Doe 1 was welcome to search him.

18. PO John Doe 1 threatened J.N. and stated in sum and substance, "if I find weed, you are coming with me."

19. J.N. was fearful for his safety so called for Mr. Martinez.

20. PO John Doe 1 proceeded to frisk J.N. and found nothing.

21. Mr. Martinez came outside to see what was happening.

22. Mr. Martinez asked PO John Doe 1 what the problem was.

23. PO John Doe 1 stated in sum and substance that J.N. and J.M. "want to smoke weed, so we are arresting them."

24. PO John Doe 1 then grabbed J.N.'s arms and pushed him hard into the window of a parked car.

25. Mr. Martinez asked John Doe 1 not to hurt his son.

26. PO John Doe 1 then told Mr. Martinez that he would fight him, and proceeded to pull up his shirt to expose his firearm.

27. PO John Doe 1 then stated, "you are all assholes."

28. PO John Doe 1, without legal justification or probable cause, arrested J.N..

29. PO John Doe 1 and PO John Doe 2 transported J.N. to the 75th Precinct where he was fingerprinted and processed.

30. J.N. was then taken to Brooklyn Central Bookings.

31. At approximately 11:00 p.m. on August 8, 2012, J.N. was released from Brooklyn Central Bookings.

32. J.N. was not arraigned and no formal charges were brought against him.

33. Upon information and belief, the Kings County District Attorney's Office declined to prosecute J.N..

34. J.N. continues to feel traumatized by the events stemming from his arrest on August 7, 2012, and is wary and fearful when he sees NYPD officers.

35. J.N. takes efforts to avoid police officers when in public.

36. As a result of the incident, J.N. feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived J.N. of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

39. Defendants have deprived J.N. of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that J.N. was arrested by Defendants without legal justification or probable cause. Defendants unreasonably and unjustifiably confined J.N..

40. J.N. was aware of, and did not consent to, his confinement.

41. The confinement was not privileged.

42. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

43. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 25, 2012

By: _____
Justin Delle Cave (JD 0896)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075