UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NIDIA NUNEZ on behalf of her minor child J.N.,

                                 PLAINTIFF,          **AMENDED COMPLAINT**

       -AGAINST-                              ECF CASE

                                                         12-CV-4661

NEW YORK CITY, POLICE OFFICER DAVID
ROSENBERG and POLICE OFFICER RICHARD
CHARLES, individually, and in their capacity as members
of the New York City Police Department,

                                 DEFENDANTS.
------------------------------------------------------------------------ X


**PRELIMINARY STATEMENT**

1. This is a civil action in which Plaintiff, Ms. Nidia Nunez ("Ms. Nunez"), on behalf of her minor child J.N. ("J.N."), seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident on or about August 7, 2012, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected J.N. to false arrest.

3. Plaintiff seeks monetary damages (special and compensatory) against Defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, the Fourth, and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Ms. Nunez is a 35-year-old United States citizen and at all times here relevant resided at 41 Thrush Wood Place, Waterbury, Connecticut.

7. J.N. is a 17-year-old United States citizen and at all times here relevant resided with his grandparents in Brooklyn, New York.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Police Officer David Rosenberg ("PO Rosenberg"), and Police Officer Richard Charles, ("PO Charles"), at all times here relevant were members of the NYPD, and are sued in their personal and professional capacities.

## FACTUAL ALLEGATIONS

10. In or around June 2012, J.N. moved to Brooklyn, New York, to stay with his maternal grandparents.

11. J.N.'s father ("Mr. Martinez") also resides in Brooklyn.

12. On or about August 7, 2012, at approximately 8:00 p.m., J.N. was with his 17-year-old cousin ("JM") outside of Mr. Martinez's home at the intersection of Sutter Avenue and Mildred Avenue.

13. J.N. was playing with J.M.'s lighter.

14. J.N. and J.M. were approached by PO Rosenberg and PO Charles.

15. PO Rosenberg shined a flashlight in J.N.'s face and stated in sum and substance, "I smell marijuana."

16. J.N. told PO Rosenberg that he did not have any marijuana and that PO Rosenberg was welcome to search him.

17. PO Rosenberg threatened J.N. and stated in sum and substance, "if I find weed, you are coming with me."

18. J.N. was fearful for his safety so called for Mr. Martinez.

19. PO Rosenberg proceeded to frisk J.N. and found nothing.

20. Mr. Martinez came outside to see what was happening.

21. Mr. Martinez asked PO Rosenberg what the problem was.

22. PO Rosenberg stated in sum and substance that J.N. and J.M. "want to smoke weed, so we are arresting them."

23. PO Rosenberg then grabbed J.N.'s arms and pushed him hard into the window of a parked car.

24. Mr. Martinez asked Rosenberg not to hurt his son.

25. PO Rosenberg then told Mr. Martinez that he would fight him, and proceeded to pull up his shirt to expose his firearm.

26. PO Rosenberg then stated, "you are all assholes."

27. PO Rosenberg, without legal justification or probable cause, arrested J.N.

28. PO Rosenberg and PO Charles transported J.N. to the 75th Precinct where he was fingerprinted and processed.

29. J.N. was then taken to Brooklyn Central Bookings.

30. At approximately 11:00 p.m. on August 8, 2012, J.N. was released from Brooklyn Central Bookings.

31. J.N. was not arraigned and no formal charges were brought against him.

32. Upon information and belief, the Kings County District Attorney's Office declined to prosecute J.N.

33. J.N. continues to feel traumatized by the events stemming from his arrest on August 7, 2012, and is wary and fearful when he sees NYPD officers.

34. J.N. takes efforts to avoid police officers when in public.

35. As a result of the incident, J.N. feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

36. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

37. Defendants have deprived J.N. of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

38. Defendants have deprived J.N. of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that J.N. was arrested by Defendants without legal justification or probable cause. Defendants unreasonably and unjustifiably confined J.N.

39. J.N. was aware of, and did not consent to, his confinement.

40. The confinement was not privileged.

41. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(Failure to Intervene)

42. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

43. Defendant PO Rosenberg arrested plaintiff without probable cause or legal justification.

44. Defendant PO Charles knew, or should have known, that PO Rosenberg did not have probable cause or legal justification to arrest plaintiff.

45. Defendant PO Charles failed to intervene to prevent PO Rosenberg from arresting plaintiff without probable cause or legal justification.

46. Defendant PO Charles had sufficient time to intercede and had the capability to prevent PO Rosenberg from arresting plaintiff without probable cause or legal justification.

47. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment against Defendants together with costs and disbursements as follows:

In favor of Plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court;

Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 14, 2013

By:    /s/
Justin Delle Cave (JD 0896)

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075