UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

NIDIA NUNEZ on behalf of her minor child J.N.,

                PLAINTIFF,

-AGAINST-

NEW YORK CITY, POLICE OFFICER DAVID
ROSENBERG and POLICE OFFICER RICHARD
CHARLES, individually, and in their capacity as members
of the New York City Police Department,

                DEFENDANT.

------------------------------------------------------------------- x

**ATTORNEY AFFIRMATION**

**12-CIV-4661 (ILG)(CLP)**

JUSTIN DELLE CAVE, an attorney duly admitted to practice in the State of New York, affirms the following under the penalties of perjury:

1. I am a partner with the law firm of PetersonDelleCave LLP, attorneys for the Infant Plaintiff herein. I am fully familiar with the facts and circumstances surrounding this matter by virtue of the file maintained by my office.

2. I respectfully submit this Affirmation in support of the within application for an Order:

    a. Approving the settlement of the above-entitled action for $18,000.00 with defendants New York City;

    b. Authorizing payment out of the settlement to PetersonDelleCave LLP in the sum of $5,818.67 in payment for legal fees incurred in this action, and the sum of $544.00 as reimbursement of disbursements incurred, for a total compensation of $6,362.67;

-1-

  c. Authorizing the sum of $11,637.33 to be deposited into a bank to be designated by the court for the benefit of the infant plaintiff, J.N.;

  d. Authorizing NIDIA NUNEZ, as mother and natural guardian of J.N., to execute and deliver General Releases and such other papers as may be necessary to effectuate the settlement under the terms and conditions herein;

  e. For such other and further relief as this Court may deem just and proper.

## ATTORNEY RETAINER

3. On September 4, 2012, Nidia Nunez, mother and guardian of the Infant Plaintiff, J.N., retained the law firm of PetersonDelleCave LLP to investigate and prosecute a claim of false arrest that came about as a result of an incident on or about August 7, 2012.

4. The Retainer provided for reimbursement of disbursements advanced in connection with the action and the payment of attorney's fees of one-third of the recovery after the deduction of disbursements. Annexed hereto and incorporated by reference as **Exhibit "A"** is a copy of the Retainer Agreement.

## BASIS OF THE LAWSUIT

5. In or around June 2012, J.N. moved to Brooklyn, New York, to stay with his maternal grandparents.

6. J.N.'s father ("Mr. Martinez") also resides in Brooklyn.

7. On or about August 7, 2012, at approximately 8:00 p.m., J.N. was with his 17-year-old cousin ("JM") outside of Mr. Martinez's home at the intersection of Sutter Avenue and Mildred Avenue.

8. J.N. was playing with J.M.'s lighter when PO Rosenberg and PO Charles approached.

9. PO Rosenberg shined a flashlight in J.N.'s face and stated in sum and substance, "I smell marijuana." J.N. told PO Rosenberg that he did not have any marijuana and that PO Rosenberg was welcome to search him. PO Rosenberg threatened J.N. and stated in sum and substance, "if I find weed, you are coming with me."

10. J.N. was fearful for his safety so called for Mr. Martinez. PO Rosenberg proceeded to frisk J.N. and found nothing. Mr. Martinez came outside to see what was happening and asked PO Rosenberg what the problem was.

11. PO Rosenberg stated in sum and substance that J.N. and J.M. "want to smoke weed, so we are arresting them." PO Rosenberg then grabbed J.N.'s arms and pushed him hard into the window of a parked car.

12. Mr. Martinez asked Rosenberg not to hurt his son. PO Rosenberg then told Mr. Martinez that he would fight him, and proceeded to pull up his shirt to expose his firearm, while stating, "you are all assholes."

13. PO Rosenberg, without legal justification or probable cause, arrested J.N.

14. PO Rosenberg and PO Charles transported J.N. to the 75th Precinct where he was fingerprinted and processed, before being taken to Brooklyn Central Bookings.

15. At approximately 11:00 p.m. on August 8, 2012, J.N. was released from Brooklyn Central Bookings. J.N. was not arraigned and no formal charges were brought against him. Upon information and belief, the Kings County District Attorney's Office declined to prosecute J.N.

16. Our theory of liability is predicated on the fact that the defendants were negligent in arresting J.N. without any probable cause or legal justification.

17. In connection with the prosecution of this action, it was necessary for our office to accomplish the following:

    (a) Obtain and review the records concerning the criminal prosecution of the infant plaintiff, J.N., in connection with this incident;

    (b) Prepare the extensive legal papers necessary to pursue a false arrest action, including the drafting of pleadings, the initiation of suits, the receipt and review of an Answer, the preparation and review of Discovery documents and, and the negotiation of a potential settlement at the Settlement Conference.

18. This case was settled for the sum of $18,000.00 with defendants New York City. Ms. Nunez was advised of the proposed settlement and we discussed the advantages of the settlement and the risk of trial. We discussed the disputed issues of liability and the fact that should this case go to trial a jury could award more, less or nothing at all. Ms. Nunez agreed that it was in the best interest of J.N. to accept the settlement offer rather than proceed to trial.

9. Under the circumstances, I believe it is in the best interests of Ms. Nunez and J.N. to accept the settlement offer rather than proceed to trial

### ATTORNEYS' FEES AND DISBURSEMENTS

10. We have incurred the total sum of $544.00 for our disbursements, in connection with the prosecution of this case. The disbursements are minimal and comprise of court fees (filing-$350) and process server ($194). Accordingly, $18,000.00 less our expenses leaves a balance of $17,456.00. Attorneys' fees were calculated pursuant to the terms of the Retainer Agreement as follows:

| | |
|---|---|
| Gross Settlement: | $18,000.00 |
| Less Disbursements: | $544.00 |
| Balance: | $17,456.00 |
| 33 1/3% of $17,456 = | $5,818.67 |
| Legal Fees: | $5,818.67 |
| Plus Disbursements: | $544.00 |
| Total Attorney Compensation: | $6,362.67 |
| **Client Net Recovery:** | **$11,637.33** |

12. In view of the work performed by our office, as set forth above, and the results achieved, I respectfully requests that the Court fix and allow attorneys' fees in the sum of $5,818.67 plus disbursements of $544.00, for a total Attorney compensation of $6,362.67

13. I have caused a search to be made and have verified that there are no other liens, claims or encumbrances with respect to this matter.

14. The law firm of PetersonDelleCave LLP has not become concerned in this action at the request of the defendants or any representative of the defendants, nor is the law firm to receive any compensation either directly or indirectly from the defendants or any representative of the defendants. Any compensation to be received for services rendered and disbursements incurred is to be paid out of the proposed settlement herein in an amount allowed by the Court.

WHEREFORE, I respectfully requests that the Court makes and enters an Order granting the relief prayed for herein and for such other and further relief as to this Court may deem just and proper.

Dated:  New York, New York
        April 1, 2013

*[signature]*

Justin Delle Cave
PetersonDelleCave LLP
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075

EXHIBIT A

## **RETAINER AGREEMENT**

Nidia Nunez on behalf of her minor child Jonathan Nunez, herein called the CLIENT, of 272 Pennsylvania Avenue, Apartment 1C, Brooklyn, New York, hereby retains PETERSONDELLECAVE LLP, 233 Broadway, Suite 1800, New York, NY 10279, as the Client's attorneys to represent the Client regarding the accident/occurrence of 08/07/2012 for a sum equal to thirty-three and one-third percent (33 1/3%) of any net recovery (total settlement less monies expended in the prosecution of the claim or action, but not including liens or subrogation interests) in this matter by way of settlement, judgment or otherwise. Moreover, if a claim is brought under the Federal Civil Rights Act, 42 USC 1983,1988 and Client is authorized to recover attorneys' fees and costs from defendants, then PetersonDelleCave LLP shall be entitled to the greater of the court-ordered attorneys' fees, if such fees are awarded, or the contingency fee. If the court-ordered attorneys' fees paid by the defendants are less than the fee to which PetersonDellecave LLP would be entitled to under the contingency fee arrangement, then Client will be responsible to pay the difference out of his damages award, with PetersonDelleCave LLP's fees calculated at its normal rates, less 20%. If the court-ordered attorneys' fees paid by defendants to PetersonDelleCave LLP are greater than or equal to the contingency fee, Client will retain 100 percent of any damages award.

The following terms and conditions apply:

1. Client authorizes and empowers PetersonDelleCave LLP to take all steps deemed advisable by PetersonDelleCave LLP regarding the above case, including the instituting of legal proceedings and all other appropriate steps.

2. Client understands and agrees that PetersonDelleCave LLP is taking this case subject to investigation and that the case may be rejected by PetersonDelleCave LLP at any time at its sole discretion.

3. Client agrees to promptly notify PetersonDelleCave LLP of any change in telephone number or address.

4. PetersonDelleCave LLP may advance or guarantee expenses of litigation, including Court costs, expert fees, expenses of investigations, expenses of obtaining medical records and costs of obtaining and presenting evidence. Client acknowledges that Client is ultimately liable for such expenses and shall pay same upon demand of PetersonDelleCave LLP. If PetersonDelleCave LLP elects to advance disbursements, such action shall not bind PetersonDelleCave LLP or guarantee that PetersonDelleCave LLP will continue to advance or guarantee litigation expenses and may elect at any time, at PetersonDelleCave LLP's discretion, to cease such conduct and notify Client that further litigation expenses must be paid in advance by Client.

5. PetersonDelleCave LLP shall not settle or compromise the above case without the consent of Client. In connection with any recovery on behalf of Client's case, Client expressly grants PetersonDelleCave LLP the authority to endorse and deposit into its IOLA account any checks bearing Client's name and authorizes PetersonDelleCave LLP to deduct fees, costs and expenses and to pay the lien of any third party insurer, hospital, medical provider or governmental entity related to the case from Client's share of the recovery. Any unpaid bills for medical treatment shall remain Client's obligation.

6. Client acknowledges that this Retainer Agreement encompasses only services required for a single litigated trial, if necessary. Additional services, such as appeal or retrial of the action are not included within the scope of this Retainer Agreement, however, at PetersonDelleCave LLP's election and at its sole discretion, PetersonDelleCave LLP may prosecute appeals or retrials of the case without additional cost to Client.

7. No fee shall be payable if no recovery is obtained, but Client acknowledges that PetersonDelleCave LLP have made no guarantee regarding successful termination of the case or any dollar value thereof.

8. In the unlikely event of a fee dispute arising out of this Retainer Agreement, Client may have the right to seek arbitration. PetersonDelleCave LLP will provide Client with the necessary information regarding arbitration in the event of such a dispute, or at any time upon Client's request.

9. Receipt of a copy of this Retainer Agreement is hereby acknowledged.

Dated: 9-4-12

_[signature]_

2